*E-Filed 3/11/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH RAMIREZ, | No. C 11-1081 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he alleges that the Board of Parole Hearings violated his right to due process when it denied him parole in July 2008. Petitioner specifically claims that the Board's decision fails to comport with due process because it was not supported by "some evidence" of current dangerousness, a requirement under California law.

The petition fails to state a claim upon which federal habeas relief can be granted. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1, 7

(1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication — and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). The procedures required are "minimal." *Id.* A prisoner received adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Id.* "The Constitution does not require more." *Greenholtz*, 442 U.S. at 16. Indeed, "it is no federal concern [ ] whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Cooke*, 131 S.Ct. at 863. In the instant matter, the record shows that petitioner received at least the required amount of process. That the Board's decision may not have complied with California's "some evidence" rule is of no federal concern. Accordingly, the petition is DISMISSED.

     A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: March 11, 2011

                                        RICHARD SEEBORG
                                        United States District Judge